SUMMERS, J.,
delivered the opinion of the Court:
In this Case, the prisoner applied for a Writ of Error to a judgment of the Superior Court, pronounced on a verdict convicting him of larceny, on an Indictment charging the offence to have been committed by the prisoner, and one Alexander Campbell, who, on trial, was acquitted thereof.
*253 The first error alleged, presents the same enquiry as was presented in the Case of William Angel,(a) and in Joseph Cohen’s Case, (b) namely, whether after a trial on the merits, on a plea putting in i.ssue the charges contained in the Indictment, and nothing more, the prisoner can, on a motion in arrest of judgment, look into the regularity of the proceedings of the Examining Court. We all think that he cannot, and that such irreg- I ularity, if it exists, can only be taken advantage of by a plea in abatement, or on a motion to quash previous to pleading to the Indictment, and that the decision in the Cases of Cohen and Angel, ought not to be disturbed.
«The principal error assigned by the prisoner’s Counsel, for reversing the judgment, has received the careful consideration of the Court, and. although some of the authorities referred to by him, seem to look to a principle broad enough to transfer the objection made to the examination of Alexander Campbell, (as a witness,) from his competency to his credibility, yet the Court is of opinion, that it is a well-settled rule of evidence, that a party in the same suit or Indictment, cannot be a witness for his Co-Defendant, until he has been first acquitted, or, in some cases, convicted, whether the Defendants be jointly or severally tried. 1 Hale, 303-306. This rule is evidenced as well by the earlier decisions of the English Courts, as by a more recent determination of Eord Ellenborough, in the Case of The King v. Lafone and others, 5 Esp. Rep. 155, and by the Supreme Court of New York, in the Case of The People v. Bill, 10 Johns. Rep. 95. Nor is the authority of this rule shaken by the supposed difference of the Courts in England exercising a discretionary power of trying offenders indicted jointly, either separately, or together, and the restraining influence of our Laws upon such discretion in Virginia. In England, as well as in this country, where the accused are entitled to peremptory challenges, joint trials cannot be had, but by consent of the prisoners, and on their waving such rights as are incompatible with that form of trial; and the Case cited from 4 Johns. Rep. 298, only shews that where several persons are jointly indicted of an offence for the trial of which they are not entitled to peremptory challenges, that it is not error to try them together, although they may desire to sever in their trials.
The objection taken to the decision of the Court below, over-ruling the application for a new trial, on the ground that Alexander Campbell being restored to his competency by his acquittal, formed a sufficient legal ground for setting aside the verdict, has nothing in it. It falls within none of the principles upon which new trials have been granted heretofore, and would have been repugnant to some of the best established rules in relation to that subject. Therefore, upon the whole matter, the application for a Writ of Error is over-ruled.

 November Term, 1820, ante, p. 231.

 June Term, 1819, ante, p. 158.